UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BURT R. THOMAS, | : |
| Plaintiff, | : |
| v. | : |
| JEH JOHNSON, Secretary, U.S. Department of Homeland Security, | : Civil Action No. 13-359 (GK) |
| Defendant. | : |

**MEMORANDUM OPINION**

Plaintiff Burt Thomas ("Thomas" or "Plaintiff") brings this Title VII action against Jeh Johnson, the Secretary of the Department of Homeland Security (the "Secretary" or "Defendant"), claiming that he was removed from his position at the Federal Emergency Management Agency ("FEMA" or "the Agency") on the basis of his race.

This matter is before the Court on the Secretary's Motion for Judgment on the Pleadings [Dkt. No. 19]. Upon consideration of the Motion, Opposition [Dkt. No. 22], and Reply [Dkt. No. 29], the entire record herein, and for the reasons stated below, the Secretary's Motion is **denied**.

## I. BACKGROUND[1]

For purposes of this Motion, the facts can be stated briefly. Plaintiff, who is African American, is an employee of FEMA, a component of the Department of Homeland Security ("DHS"). Starting in February, 2011, Plaintiff held the position of Chief Security Officer. Am. Compl. ¶ 15-16. On July 28, 2011, the Agency temporarily detailed Plaintiff to a different position, where he was given no work to do. Am. Compl. ¶¶ 23-24. Plaintiff was told that the reason for the temporary detail was that he was the subject of an ongoing investigation for contract fraud, attempting to influence the outcome of the Agency's security clearance investigations, and covering up alleged misconduct of other employees. Am. Compl. ¶¶ 17, 26.

On February 23, 2012, Plaintiff was formally demoted to the position of Director, Records Management Division. Am. Compl. ¶ 40.[2] The official reason given for his demotion was "misconduct and malfeasance." Am. Compl. ¶ 46. In particular, the Agency asserted that Plaintiff violated Agency policy by making knowingly false statements and permitting two employees, Gary Walker and James Bland, to work in positions requiring a top

---

[1] The facts are taken from the Amended Complaint ("Am. Compl.") [Dkt. No. 7] and accepted as true for purposes of this Motion.

[2] Plaintiff's position was later changed to Field Coordinator in the Logistics Operations Division. Am. Compl. ¶ 40.

secret security clearance while their clearance applications were still being investigated. ¶¶ 46-48, 56. The Agency also alleged that Plaintiff permitted Walker and Bland to be hired even though he knew they had criminal backgrounds. Am. Compl. ¶ 62.

Plaintiff contends that the reasons proffered by the Agency for his 2011 detail and the 2012 demotion were merely pretext, and that the real reason for these actions was racial discrimination and reprisal. Am. Compl. ¶¶ 74, 103. He claims that white employees under investigation generally were not detailed to a different position during the pendency of such investigations. Am. Compl. ¶¶ 29-32. Plaintiff's theory is that, by detailing him to a new position in 2011, the Agency intended to demean him sufficiently that he would be induced to resign, which would allow it to replace him with a white person and thereby "facilitate the process of eliminating [ ] African-Americans from the security office." Am. Compl. ¶¶ 37-38. He notes that a white employee was ultimately chosen to replace him in his position, and that his demotion coincided with the termination and suspension of several other African American employees at FEMA, most of whom were also replaced by white employees. ¶¶ 38, 107-111.

Plaintiff also asserts that his demotion was unfounded because he did not, in fact, violate Agency policy by permitting

Bland and Walker to work pending finalization of their security clearances. According to Plaintiff, Agency practice permitted Bland and Walker to perform at least some of their responsibilities based on either a "reciprocal" or an "interim" security clearance. Am. Compl. ¶¶ 56-60, 80. He claims that similarly-situated white employees, including those with direct responsibilities for ensuring compliance with the security clearance requirements, were not detailed to different positions or demoted as he was. Finally, he maintains that in the process of demoting him, the Agency intentionally deprived him of certain procedural protections given to white employees under similar circumstances. Am. Compl. ¶ 54, 61, 93, 96-97, 106.

### B. Procedural Background

Plaintiff filed this case on March 20, 2013. On June 3, 2013, he filed an Amended Complaint. On July 11, 2013, the Secretary filed its Answer [Dkt. No. 8].

On October 30, 2013, the Secretary filed its Motion for Judgment on the Pleadings [Dkt. No. 19]. On December 2, 2013, Plaintiff filed his Opposition [Dkt. No. 22]. On December 20, 2013, the Secretary filed his Reply [Dkt. No. 29].

## II. STANDARD OF REVIEW

A Rule 12(c) motion is "functionally equivalent" to a Rule 12(b)(6) motion and governed by the same standard. Rollins v. Wackenhut Servs., Inc., 703 F.3d 122, 130 (D.C. Cir. 2012). To

-4-

survive the motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ] [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563.

In deciding a Rule 12(c) motion, a court "must assume all the allegations in the complaint are true (even if doubtful in fact) . . . [and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 17 (D.C. Cir. 2008) (quotation marks and citations omitted). The Court "must not make any judgment about the probability of the plaintiffs' success," id., and should grant a motion for judgment on the pleadings only if it clear that "no material fact is in dispute and . . . [the movant] is entitled to judgment as a matter of law." Peters v. Nat'l R.R. Passenger Corp., 966 F.2d 1483, 1485 (D.C. Cir. 1992) (citations and quotation marks omitted).

### III. ANALYSIS

The Government contends that Plaintiff's Title VII claim is not justiciable under Dep't of Navy v. Egan, 484 U.S. 518 (1988) and its progeny. In Egan, the Supreme Court held that the

-5-

Merits Systems Protection Board lacked the authority to review the Navy's decision to deny a security clearance to a naval employee because "no one has a 'right' to a security clearance" and "predictive judgments" involved in making security clearance determinations "must be committed to the broad discretion of the agency responsible" for making such a determination. 484 U.S. at 824, 25.

Relying on Egan, our Court of Appeals has held that "[b]ecause the authority to issue a security clearance is a discretionary function of the Executive Branch and involves the complex area of foreign relations and national security, employment actions based on denial of security clearance are not subject to judicial review." Bennett v. Chertoff, 425 F.3d 999, 1003 (D.C. Cir. 2005); see also Oryszak v. Sullivan, 576 F.3d 522, 526 (D.C. Cir. 2009) (Ginsberg, J., concurring) ("We have held that actions based upon denial of security clearance . . . are beyond the reach of judicial review.") (citations omitted). This is true even if the employee claims, under Title VII, that the security clearance decision was racially motivated. See, e.g., Ryan v. Reno, 168 F.3d 520, 524 (D.C. Cir. 1999) ("[A]n adverse employment action based on denial or revocation of a security clearance is not actionable under Title VII.").

The Secretary argues that these cases require the dismissal of Plaintiff's case. The Court disagrees. Each of the cases

cited involved an adverse employment action directly predicated on an unfavorable security clearance determination, such that adjudicating the plaintiff's employment claim necessarily required a merits review of the underlying security clearance decision.

In contrast, Plaintiff's demotion is not alleged to have been "based on" any decision regarding his eligibility for a security clearance. Instead, Plaintiff alleges that he was demoted based on (among other things) his purported violation of a general policy governing the activities of employees whose clearances have not yet been finalized. Our Court of Appeals has stated that:

> We do not believe that Egan insulates from Title VII all decisions that might bear upon an employee's eligibility to access classified information. Rather, the Court in Egan emphasized that the decision to grant or deny security clearance requires a "[p]redictive judgment" that "must be made by those with the necessary expertise in protecting classified information."

Rattigan v. Holder, 689 F.3d 764, 767 (D.C. Cir. 2012) (emphasis in original) (citation omitted).

Resolving Plaintiff's Title VII claim, as it is alleged in the Amended Complaint, does not require the Court to review the validity of any "predictive judgment" made "by those with the necessary expertise in protecting classified information." Id. It merely requires a consideration of whether similarly situated

-7-

employees were treated the same under the relevant policies, a consideration that lies squarely within the Court's Title VII jurisdiction.[3] Accordingly, Egan and its progeny do not preclude judicial review of Plaintiff's claim as a matter of law.[4]

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion is **denied**. An Order shall accompany this Memorandum Opinion.

January 16, 2013

/s/ Gladys Kessler
Gladys Kessler
United States District Judge

**Copies to:** attorneys on record via ECF

---

[3] The Secretary contends that Plaintiff was removed from his post based on his "malfeasance in granting [Walker and Bland] interim security clearances[.]" Def.'s Mot. at 1. Even if it were true that Plaintiff granted such clearances in the first instance, which Plaintiff disputes, Pl.'s Opp'n at 3, our Court of Appeals has held that Egan applies only to security clearance decisions made by "trained Security Division personnel," Rattigan, 689 F.3d at 768 (emphasis added). It is not alleged that Plaintiff falls into this category.

[4] The Secretary also suggests that Plaintiff's claim of procedural irregularities has no legal basis. Def.'s Mot. at 16-17. However, it is clear that Plaintiff seeks relief on the basis of his demotion and proffers the procedural irregularities merely as evidence that he was treated differently from similarly-situated white employees. See Am. Compl. at Count II (Demotion).

-8-