UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| BURT THOMAS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-cv-00359 (GK/AK) |
| | ) | |
| JEH JOHNSON, Secretary, U.S. | ) | |
| Department of Homeland Security, | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

On August 21, 2014, this Court issued a Memorandum Order [52] granting in part and

denying in part Plaintiff's Motion to Compel Discovery [44].  In connection with that Motion,

the Court indicated that it would conduct an *in camera* review of the contested documents

withheld by the Defendant, to determine the applicability of Defendant's claim of privilege.[1]

The Court has now completed its review of the documents redacted by Defendant and made its

privilege determinations based upon the legal standards set forth herein.  The chart included in

this Memorandum Opinion sets forth the Court's privilege rulings with specific reference to each

redacted document.

## I. BACKGROUND

The aforementioned motion to compel indicated that Defendant was withholding portions

of certain documents based on claims of privilege. Defendant provided Plaintiff with a privilege

---

[1]Defendant claims attorney-client privilege for all documents withheld and in some cases also
claims work product protection.  *See* Defendant's privilege log.

log and a redacted copy of the documents that were withheld in part or in full.  The Court was

provided with a redacted and non-redacted version of the documents for purposes of comparison.

## II. <u>LEGAL STANDARD</u>

### A. <u>Attorney-Client Privilege- update with more recent cases</u>

The attorney-client privilege applies only if:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*United States v. KPMG, LLP*, 237 F.Supp.2d 35, 40 (D.D.C. 2002) (citing *In Re Sealed Case*,

737 F.2d 94, 98-99 (D.C. Cir. 1984)). The attorney-client privilege "protects confidential

communications made between clients and their attorneys when the communications are for the

purpose of securing legal advice or services." *Overseas Private Inv. Corp. v. Mandelbaum*, 1998

WL 647208, at *1 (D.D.C. Aug. 19, 1998) (citation omitted).  The privilege is specific and

narrow in scope and it does not attach to any and all communications between an attorney and

their client.  *See Athridge v. Aetna Casualty and Surety Co.*, 184 F.R.D. 200, 209 (D.D.C. 1998)

(affirming that this Circuit is "one of the Circuits which construe the attorney-client privilege

strictly" and thus, an attorney's communications are privileged when their disclosure would

reveal the content of the client's communication to the lawyer.)  "In the governmental context,

the 'client' may be the agency and the attorney may be an agency lawyer." *Tax Analysts v.*

*Internal Revenue Service*, 117 F.3d 607, 618 (D.C. Cir. 1997).

## B. Work Product Doctrine

Federal Rule of Civil Procedure 26 codifies the work-product doctrine in relevant part as follows:

(A)   *Documents and Tangible Things.*  Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). . .

      *            *            *

(B)   *Protection Against Disclosure.*  If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3)(A),(B).

"The attorney work-product privilege, unlike the attorney-client privilege, is not intended to protect the confidential relationship between attorney and client, but rather is intended to protect the adversarial trial process." *In re Apollo Group, Inc. Sec. Litig.*, 251 F.R.D. 12, 18 (D.D.C.  2008) (citation omitted).  The purpose of the attorney work product doctrine is to protect a "'zone of privacy' within which to think, plan, weigh facts and evidence, candidly evaluate a client's case, and prepare legal theories."  *Coastal States Gas Corporation v. Dept. of Energy*, 617 F.2d 854, 864 (D.C. Cir. 1980) (citation omitted).  Work product protection is not only provided for documents prepared by an attorney but it also includes "documents prepared by or for others, including representatives of a party, for use by an attorney."  *See Wessel v. City of Albuquerqe*, Misc. 00-00532 (ESH), 2000 WL 1803818, at *3 (D.D.C. Nov. 30, 2000) (citations omitted.)

In order to establish that a document is entitled to work product protection, the document must have been prepared "in anticipation of litigation."  *In re Sealed Case*, 146 F.3d 881, 884

(D.C. Cir. 1998). The term "in anticipation of litigation" contains both a temporal element and a

motivational element. *Jinks-Umstead v. England*, 231 F.R.D. 13, 15 (D.D.C. 2005) (quotation

omitted). At the time the document was prepared or obtained, there must have been a "subjective

belief that litigation was a real possibility, and that belief must have been objectively

reasonable." *EEOC v. Lutheran Soc. Servs.,* 186 F.3d 959, 968 (D.C. Cir. 1999) (citing *In re

Sealed Case*, 146 F.3d 881, 884 (D.C. Cir. 1998)).

Documents should be deemed prepared "in anticipation of litigation," and thus within the

scope of Rule 26, if "in light of the nature of the document and the factual situation in the

particular case, the document can fairly be said to have been prepared or obtained because of the

prospect of litigation." *Lutheran Soc. Servs.,* 186 F.3d at 968; *Senate of Puerto Rico v. United

States Dep't of Justice*, 823 F.2d 574, 586 n.42 (D.C. Cir. 1987). The question is whether or not

the documents "would have been created in essentially similar form irrespective of the

litigation." *Willingham v. Ashcroft*, 228 F.R.D. 1, 4 (D.D.C. 2005) (citations omitted).

The work product privilege "extends to documents prepared in anticipation of foreseeable

litigation, even if no specific claim is contemplated." *Schiller v. NLRB*, 964 F.2d 1205, 1208

(D.C. Cir. 1992) (citing *Delaney, Migdail & Young, Chartered v. IRS*, 826 F.2d 124, 127 (D.C.

Cir. 1987)).

### III. <u>PRIVILEGE DETERMINATIONS</u>

This Court has carefully reviewed the contested documents *in camera*, with reference to

the legal standards stated above. The Court has determined the applicability, *vel non*, of the

attorney-client privilege and/or work product protection. Where this Court has not upheld

Defendant's claim of privilege, the redacted information should be provided to the Plaintiff

within five business days of this Memorandum Order.  The Court notes that for each redaction,

Plaintiff has grouped together all the Bates numbered documents that contain that specific

redaction. The Court's rulings are set forth below:

| DATE | PRIVILEGE LOG BATES NUMBER (zeroes at the beginning on the numbers have been dropped) | RULING |
|---|---|---|
| 2/8/2012(4:49 PM) | 1688, 1689, 1693, 1697, 1720, 1721 | **NOT Attorney-Client Privileged ("AC")- to be PRODUCED** |
| 2/8/2012 (11:09AM) | 1690-91, 1695-96, 1699-1700, 1703, 1706-07, 1709-10, 1715, 1722-23 | **Redactions- AC** |
| 2/17/2012 (12:20 PM) | 01747, 1750, 1753, 1758, 1761, 1764, 1772 | **AC** |
| 2/17/2012 (12:17 PM) | 1747, 1750-51, 1753-54, 1759, 1761-62, 1764, 1766-67, 1772-73 | **AC** |
| 2/8/2012 (11:10 AM) | 1671-72, 1675, 1712-13 | **AC** |
| 2/22/2012 (4:08PM) | 1679, 1798, 1801-1802, 1804 | **AC** |
| 2/23/2012 (12:55 PM) | 1736 | **AC** |
| 2/23/2012 (12:42 PM) | 1736-37, 1738-39, 1740-41, 1743 | **AC** |
| 2/17/2012 (11:05 AM) | 1717 | **AC** |
| 2/13/2012 (3:13 PM) | 1718 | **AC** |
| 5/21/2012 | 1784 | **NOT AC- to be PRODUCED** |
| 6/30/2011 (8:36 AM) | 1786, 1789 | **AC** |

| DATE | PRIVILEGE LOG BATES NUMBER (zeroes at the beginning on the numbers have been dropped) | RULING |
|---|---|---|
| 2/9/2012 (11:05 AM) | 1796, 1810 | AC |
| 2/23/2012 (12:58PM) | 1738 | AC |
| 2/23/2012 (12:45 PM) | 1740 | AC |
| 2/23/2012 (12:45 PM) | 1740 (see prior entry- there are multiple redactions on this page) | AC |
| 2/23/2012 (1:08 PM) | 1742 | Redactions - Work Product ("WP") |
| 2/22/2012 (3:30 PM) | 1755 | AC/WP |
| 2/22/2012 (11:20 AM) | 1755-1756 | AC |
| 2/22/2012 (9:15 AM) | 1757, 1770 | AC |
| 2/22/2012 (7:17 PM) | 1768 | AC |
| 2/22/2012 (12:33 PM) | 1768-69 | AC/WP |
| 12/29/2011 (3:15 PM) | 1776-77 | AC/WP |
| 12/22/2011 (4:28 PM) | 1778-1781 | AC/WP |
| 2/23/2012 (3:47 PM) | 1793 | AC |

| DATE | PRIVILEGE LOG BATES NUMBER (zeroes at the beginning on the numbers have been dropped) | RULING |
|---|---|---|
| 2/23/2012 (3:42 PM) | 1793 | AC/WP |
| 2/23/2012 (1:16 PM) | 1793 | AC/WP |
| 2/23/2012 (7:09 AM) | 1797 | AC |
| 1/3/2012 (4:55 PM) | 1808 | AC |

Dated: November 3, 2014 _____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE