UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| BURT THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action No. 13-359 (GK/AK) |
| JEH JOHNSON, Secretary, U.S. | ) |
| Department of Homeland Security, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**<u>MEMORANDUM OPINION</u>**

Pending before this Court is Plaintiff's Motion for Leave to Take Limited, Specific

Discovery after the Discovery Deadline ("Motion") [60] and Defendant's Opposition thereto

("Opposition") [61].  Plaintiff seeks to depose John Ryan, who was identified in Defendant's

initial disclosures as "Former Deputy Assistant Inspector General, OIG, DHS."  (Motion at 1.)

According to Defendant, Mr. Ryan's discoverable knowledge includes "DHS OIG's

investigations into allegations against Plaintiff engaging in Misconduct and Malfeasance."  (*Id.*)

Plaintiff noted the deposition of Mr. Ryan for November 24, 2014, which was prior to the

December 31, 2014 close of discovery set by the trial court.  (Motion at 2; 9/24/14 Order [55].)

"However, Mr. Ryan has been on administrative leave while the agency has been investigating

alleged criminal misconduct by him, and Mr. Ryan's counsel informed defendant that Mr. Ryan

will decline to answer any questions on the ground that any answers he might give might tend to

incriminate him."  (Motion at 2.)  Plaintiff thus concludes that "it makes no sense to take Mr.

Ryan's deposition now, when he would exercise his constitutional right to not answer any

questions. . . ."  (*Id.*)  Plaintiff is however concerned that the Defendant will utilize Mr. Ryan as

a witness at trial and the Plaintiff will be prejudiced in not having been able to depose Mr. Ryan. (*Id.*)

This Court held a telephonic status conference on January 9, 2015, to discuss this Motion and other pending and potential discovery disputes.  During that telephone conference, counsel for the Defendant indicated that the Defendant does not plan to use Mr. Ryan as a trial witness "at this time." Defendant also reiterated that it did not oppose Plaintiff's deposition of Mr. Ryan (Opposition at 1-2); however, it is evident that it would have been futile for Plaintiff to depose Mr. Ryan prior to the close of discovery because the deponent would have refused to respond to Plaintiff's questions.

Plaintiff requests that he be permitted to depose Mr. Ryan out of time and further, that "defendant be ordered to inform him of any change in Mr. Ryan's standing to invoke the Fifth Amendment to refuse to testify, such as the U.S. Attorney declining to prosecute him . . . ." (Motion at 2.)  Defendant's counsel indicated during the telephone conference that counsel is not aware of the current status of the investigation and how long it will take to complete the investigation.  The Court finds that Plaintiff should be permitted to depose Mr. Ryan out of time.[1]  The Court further finds that because Mr. Ryan is represented by counsel (who has previously contacted both the Plaintiff's and Defendant's counsel) (Motion at 2, Opposition at 2), Plaintiff should contact Mr. Ryan's counsel to ascertain the status of the criminal investigation.  A separate Order accompanies this Memorandum Opinion.


DATED:  January 26, 2015                    _____/s/_____
                                            ALAN KAY
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] This assumes that Mr. Ryan will eventually be in a position to answer Plaintiff's deposition questions without fear of self-incrimination.