UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BURT R. THOMAS,<br>         Plaintiff,<br><br>     v.<br>JEH JOHNSON, Secretary, United States Department of Homeland Security,<br><br>         Defendant. | Civil Action No. 13-359 (GK/AK) |

**MEMORANDUM OPINION**

Pending before the Court are Plaintiff's Second Amended Motion to Compel a 30(b)(6) Deposition ("Motion") [72]; Defendant's Opposition to Plaintiff's Motion ("Opposition") [73]; and Plaintiff's Reply to the Opposition ("Reply") [74]. Plaintiff Burt R. Thomas (hereinafter "Plaintiff" or "Thomas") moves this Court to compel a Rule 30(b)(6) deposition of Defendant Department of Homeland Security ("DHS") (hereinafter "Defendant").

**I. Background**

The underlying case stems from a complaint filed by Plaintiff alleging violations of Title VII of the Civil Rights Act of 1964. Plaintiff was employed by the Federal Emergency Management Agency ("FEMA"), beginning in July 2008. (6/03/2013 Amended Complaint [7] ¶5.) From February 27, 2011 through February 24, 2012, Plaintiff was officially assigned to the position of Chief Security Officer for FEMA. (Amended Complaint ¶15.) According to Plaintiff, FEMA claimed that in June of 2011, two or more of its employees reported to management "that [Plaintiff] had committed fraud, covered up a sexual harassment claim, covered up an employee's DUI charge, covered up other misconduct, and influenced the outcome of security

1

clearance investigations" (*Id.* ¶17.)[1] On July 28, 2011, Plaintiff was detailed to a position within the office of the DHS chief security officer for 180 days. (*Id.* ¶23.) In August 2011, Plaintiff initiated an informal EEO complaint and in December 2011, he filed an administrative complaint alleging discrimination based on race and color. (Amended Complaint [7] ¶¶12-13.) On February 23, 2012, FEMA notified Plaintiff that as of the following day he was "being demoted [which included a pay reduction] to the GS-15 position of Director, Records Management Division, but later changed to Field Coordinator in FEMA's Logistics Operations Division." (*Id.* ¶¶40-41.)

In its Answer to the Amended Complaint, Defendant asserted that a reason for demoting Plaintiff was that:

> Plaintiff allow[ed] Gary Walker and James Bland to enter on duty as Federal employees, with only an interim Secret national security clearance (thereby waiving preappointment investigative requirements) in positions that required a Top Secret national security clearance with access to Sensitive Compartmented Information (TS/SCI), which are categorized as Special-Sensitive positions. These actions violated 5 C.F.R. §732.202(a)(2)(i), which prohibits an agency from waiving the preappointment investigative process for appointment to Special-Sensitive positions, and the DHS and FEMA security policies that reiterate and implement that prohibition.

(Motion at 2) (citing 7/11/2013 Answer to Amended Complaint [8] ¶56).

Plaintiff's Interrogatory No. 7 requested that, for the period 2011-2012, Defendant "identify each position requiring a TAS or TS-SCI clearance which was filled by a new hire or contractor, and state whether at the time of entering on duty the person had a clearance at the designated level." (Motion at 2) (citing Interrogatory No. 7). In response thereto, Defendant provided a chart in the form of an Excel worksheet (the "Chart"), which was interpreted by Plaintiff to show that some of the persons who entered on duty did not undergo the requisite background investigation and/or obtain the requisite a security clearance prior to their

---

[1] FEMA initiated a DHS Inspector General investigation of Plaintiff (Amended Complaint ¶¶26, 33, 35.)

employment. (Motion at 3) (referencing Chart, a portion of which is attached as Motion, Exh. C). Plaintiff subsequently noticed a Rule 30(b)(6) deposition to "make sure that his interpretation of the spreadsheet was correct." (Motion at 3); *see* Motion, Exh. B (October 27, 2014 Rule 30(b)(6) Deposition Notice) setting a deposition for November 24, 2014.

On December 17, 2014, this Court convened a telephone conference with counsel, whereby Defendant indicated that it was willing to provide Plaintiff with a declaration in lieu of a Rule 30(b)(6) deposition. Plaintiff's counsel consented to the provision of a declaration but he did not waive his right to take a deposition if he found the declaration inadequate.[2] On January 16, 2015, Defendant provided Plaintiff's counsel with the Declaration of Ms. Lynconyer Young. (Motion, Exh. A (Declaration in Support of Motion to Compel Deposition [by counsel] ¶3)).[3] Plaintiff subsequently informed Defendant that he wanted to schedule Ms. Young's deposition for January 29, 2015. (Declaration by counsel ¶4.) Plaintiff explained that he wanted to reconcile his understanding of Interrogatory No. 7, "show[ing] 23 people entering on duty into TS-SCI positions prior to obtaining the necessary clearances" with Ms. Young's affidavit showing that "between 9 and 13 of these in fact had sufficient in-scope SSBIs." (*Id.* ¶5.)[4] Defendant's counsel would not voluntarily produce Ms. Young, and because Plaintiff's counsel is now uncertain whether Ms. Young "had anything to do with production of the interrogatory

---

[2] Plaintiff subsequently provided Defendant with a draft declaration indicating the information sought. (Motion at 3); *see* Motion, Exh. D (draft declaration).
[3] Ms. Young is the Director of the Personnel Security Division, Office of the Chief Security Officer (OCSO), Federal Emergency Management Agency (FEMA), U.S. Department of Homeland Security. (Motion, Exh. E (Declaration of Lynconyer Young) ¶1.)
[4] Plaintiff's Motion provides two examples of persons who may not have received a security clearance before entering into duty: Jerry E. Jeffries and Sabrina Jacobs. (Motion at 3; Motion, Exh. C [Chart] at lines 137 & 159].)

answer, . . . [or whether] she ha[d] any responsibility regarding adjudication of security clearances[,]" Plaintiff filed the instant Motion seeking a Rule 30(b)(6) deposition. (Motion at 4.)

## II. Legal Standard

Federal Rule 30(b)(6) provides in relevant part that a party may name as the deponent a governmental agency and "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6).  The government agency "must then designate one or more" persons who will testify on its behalf and such persons "must testify about information known or reasonably available" to the agency. *Id.*

## III. Discussion

Plaintiff requests a Rule 30(b)(6) deposition responsive to the following inquiries: "(a) the practice, during the years of 2011 and 2012, of hiring or promoting people into positions designated as requiring TS-SCI clearances before that clearance has been granted, and (b) the accuracy and interpretation of the chart provided in response to plaintiff's interrogatory no. 7." (Reply at 3.)

Defendant opposes the Rule 30(b)(6) deposition on two grounds, namely: 1) that Plaintiff voluntarily sought a declaration "in lieu" of a deposition and is now precluded from taking a deposition (particularly since it is after the close of discovery); and 2) Plaintiff's inquiry infringes upon Defendant's security clearance decisions and such inquiry is thus impermissible.[5] *See generally* Opposition.  Defendant repeatedly reiterates that the Young Declaration was provided to Plaintiff "in lieu" of a deposition.  (Opposition at 2-5.)  While Plaintiff did agree to accept a declaration instead of immediately moving forward with the deposition, Plaintiff noted

---

[5] Defendant argues that if the Court grants a Rule 30(b)(6) deposition, inquiry "should be limited to only . . . the two alleged discrepancies specified in plaintiff's motion to compel." (Opposition at 9) (emphasis in original).

4

during the December 17, 2014 conference call that he would review the declaration when he received it to ascertain whether a deposition was still necessary. (Declaration by counsel ¶2.)

Defendant contends that Plaintiff would be "unjustly enriched" if the Court were to allow him a Rule 30(b)(6) deposition after he obtained the Young Declaration and Defendant would thus be prejudiced. (Opposition at 5.) Defendant's argument is without merit because the deadline for filing dispositive motions has been stayed by the trial court until there is a ruling on this motion and thus, Defendant will not be prejudiced. (3/19/2015 Minute Order granting Consent Motion to Stay Deadline to File Dispositive Motion.)

Defendant further argues that Plaintiff is attempting to improperly seek testimony regarding the Defendant's security clearance judgments, in contravention of the trial court's January 16, 2014 Memorandum Opinion [31] and *Department of Navy v. Egan*, 484 U.S. 518 (1988). (Opposition at 5.)[6] Defendant asserts that "plaintiff asks the Court to compel discovery into the very thing this Court recognized as being barred from judicial review under Egan, namely, defendant's individualized security clearance judgments." (Opposition at 6.) Defendant further alleges that it is "inappropriate for plaintiff now to try to depose an employee of defendant in order to elicit testimony regarding the Agency's security clearance decisions in individual cases." (Opposition at 8.)

The Court agrees with the Plaintiff that Defendant "radically misstates the subjects of the requested deposition." (Reply at 3.) Plaintiff contends that "[n]either subject extends to asking a deponent to 'explain and/or justify' any conclusion about the necessity for any clearance."

---

[6] *See* Memorandum Opinion [31] at 7 ("Resolving Plaintiff's Title VII claim, as it is alleged in the Amended Complaint, does not require the Court to review the validity of any "predictive judgment" made "by those with the necessary expertise in protecting classified information.") (citation omitted).

(Reply at 4.) With regard the Plaintiff's aforementioned first inquiry, Plaintiff indicates that the answer to that question "might be that the practice was to not hire or promote people into positions designated as requiring TS-SCI clearances before that clearance has been granted, which would be the case if there were an absolute prohibition against hiring pending clearance decisions [and] [t]hat, obviously, does not involve any predictive judgment whatsoever." (Reply at 4.)[7] Plaintiff further explains that the second inquiry is the "accuracy and interpretation of defendant's earlier interrogtoary answer." (*Id.*)

      The Court finds that the deposition at issue is necessitated by Defendant's own actions in providing a Declaration by Ms. Young that seemingly contradicts, at least in part, the Chart that was provided by Defendant in response to Interrogatory No. 7.  Accordingly, Plaintiff should be permitted to conduct a Rule 30(b)(6) deposition to ask questions about the accuracy and interpretation of the Chart provided in response to Interrogatory No. 7.  The Court further finds that Plaintiff may inquire as to "the Defendant's practice, during the years of 2011 and 2012, of hiring or promoting people into positions designated as requiring TS-SCI clearances before that clearance had been granted," with the understanding that Defendant may provide a concise statement of its "practice" during that time frame without getting into the details of any specific grant or denial of a security clearance. Because the scope of inquiry is narrowly defined, the deposition should be completed in approximately one and one half hours.

                                                                _____/s/_____

DATED: 3-30-2015                                              ALAN KAY
                                                               UNITED STATES MAGISTRATE JUDGE

---

[7] Alternatively, Plaintiff suggests that the Defendant might answer that decisions were "made on a case-by-case basis." (Reply at 4.)